UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-CR-20113(s)-Smith

UNITED STATES OF AMERICA

v.

DAN ROTTA,

Defendant.
_____/

## PLEA AGREEMENT

The U.S. Department of Justice, Tax Division ("this Office") and **DAN ROTTA** (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges him with conspiracy to defraud the United States in violation of Title 18, United States Code, Section 371. This Office agrees that, should the Court accept the Defendant's guilty plea to Count One, this Office will dismiss Counts Two through Twenty-Two the Superseding Indictment after sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that

advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Paragraph 1 and that the Defendant may not withdraw the plea solely because of the sentence imposed.

3. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, and shall order restitution.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under Paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as information concerning the Defendant and

his background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. Except as noted in Paragraphs 7(a), (b), and (c) below, this Office and the Defendant agree that, although not binding on the probation office or the Court, they will recommend that the Court make the following findings as to the Sentencing Guideline calculations:

(a) <u>Tax Loss:</u> The Defendant agrees that the total tax loss arising from the Defendant's participation in the offense of conviction exceeds $3,500,000 but is less than $9,500,000. The Defendant understands and acknowledges that this Office will argue at sentencing that the total tax loss to the government exceeds $9,500,000.

(b) <u>Aggravating Role Enhancement:</u> The Defendant understands that the United States will argue that the Defendant is subject to an enhancement under Sentencing Guideline § 3B1.1(a), (b), or (c) for the Defendant's role in Count One of the Superseding Indictment. The Defendant reserves his right to challenge the application of any role enhancement under Sentencing Guideline § 3B1.1.

(c) <u>Sophisticated Means Enhancement:</u> The Defendant understands that the United States will argue that the Defendant is subject to the sophisticated means enhancement provided by Sentencing Guideline § 2T1.1(b)(2). The Defendant reserves his right to challenge the application of the sophisticated means enhancement.

(d) This Office agrees not to seek any additional enhancements provided under Chapter 2, Part T, or Chapter 3 of the Sentencing Guidelines, other than as noted in Paragraphs 7(a), (b) and (c) above.

(e) The Defendant is free to argue at sentencing for a downward departure or variance from the Sentencing Guidelines, or to argue that the factors set forth in 18 U.S.C. § 3553(a) merit a sentence below the applicable Sentencing Guidelines range, including a sentence of time served.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this

4

Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in Paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

9. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms the desire to plead guilty regardless of any immigration consequences that the plea may entail.

10. Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3663(a) and (b), the Defendant agrees to make full restitution to the Internal Revenue Service ("IRS"), less any credit for the amounts paid to or recovered by the IRS as of the date of sentencing. The Defendant agrees to pay restitution to the IRS in an amount to be established at or prior to sentencing for unpaid federal individual income taxes. The Defendant agrees that the total amount of restitution contemplated in this agreement results from the Defendant's fraudulent conduct.

11. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States unless the Court imposes a schedule of payments. The Defendant understands and acknowledges that, even if the Court imposes a schedule of payments, this Office takes the position that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The Defendant disagrees and does not waive any rights related thereto.

12. The Defendant understands and acknowledges that the IRS will use the amount of restitution ordered as the basis for a civil assessment under Title 26, United States Code, Section 6201(a)(4). The Defendant understands and acknowledges that he does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). The Defendant also understands and acknowledges that this Office takes the position that neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule precludes the IRS from immediately collecting the full amount of the restitution-based assessment. The Defendant disagrees and does not waive any rights related thereto. The Defendant further understands and acknowledges this Office takes the position that interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment. The Defendant disagrees with this as well and does not waive any rights related thereto.

13. The Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The Defendant understands and acknowledges that the plea agreement

6

does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability.

14. The Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

15. The Defendant agrees to provide whatever information is lawfully required to the probation office.

16. If the Defendant makes a payment of the restitution agreed to in Paragraph 10 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to Paragraph 10.

17. The Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

U.S. District Court
400 North Miami Avenue, Room 8N09
Miami, FL 33128

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

A. The Defendant's name and Social Security number;
B. The District Court and the docket number assigned to this case;
C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The Defendant agrees to include a request that the Clerk of the Court send the information, along with the Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave., Kansas City, MO 64108

The Defendant also agrees to send a notice of any restitution payments made pursuant to this agreement, including the information listed in this Paragraph, to the IRS address listed above.

18. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

19. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

20. The Defendant confirms that the Defendant is guilty of the offense to which the Defendant is pleading guilty; that the Defendant's decision to plead guilty is the decision that the

8

Defendant has made; and that nobody has forced, threatened, or coerced the Defendant into pleading guilty. The Defendant affirms that the Defendant has reviewed this agreement and enters it knowingly, voluntarily, and intelligently, and with the benefit of assistance by the Defendant's attorney.

21. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

KAREN E. KELLY
ACTING DEPUTY ASSISTANT ATTORNEY GENERAL

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Mark Daly, Senior Litigation Counsel
District Court No. A5501435
Patrick Elwell, Trial Attorney
District Court No. A5502696
William Montague, Trial Attorney
District Court No. A5502569
U.S. Department of Justice, Tax Division
(202) 616-2717
Sean.P.Beaty@usdoj.gov

Dan Rotta
Defendant

Jared E. Dwyer
Attorney for Defendant Dan Rotta